IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) CIVIL ACTION NO. 11-00062-KD-N ) |
| BRASFIELD & GORRIE, L.L. C., and WILLARD ROGERS PAINTING CONTRACTORS, INC. | ) ) ) ) ) |
| **Defendants.** | ) |

## ORDER

This action is before the Court on the request for Clerk's Entry of Default Against Willard Rogers Painting Contractors, Inc. (Willard) (doc. 22). In support, Pennsylvania National Mutual Casualty Insurance Company (Pennsylvania), filed a copy of the certified mail return receipt for the service of the summons and complaint upon defendant Willard (doc. 22-1, p. 3).

The Federal Rules of Civil Procedure provide for service upon "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. . ." for the corporate defendant Willard. Fed. R. Civ. P. 4(h)(1)(B). Also, service may be made in any manner prescribed by state law for serving a summons in an action brought in the state courts where the district court is located. *See* Fed. R. Civ. P. 4(h)(1)(A). Under the Alabama Rules of Civil Procedure, Pennsylvania could perfect service of process upon Willard "by serving an officer, a partner (other than a limited partner), a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6). Also, the Alabama Rules allow service of process by certified mail rather than personal delivery to the agent. *See* Ala. R. Civ. P. 4(i)(2)(A).

The summons and complaint were addressed to "Willard Rogers Painting c/o Anthony Rogers", and the return receipt was signed by "Michelle Dyson". However, there is no

evidence before the Court as to the status of Michelle Dyson.  Inquiring into the status of Michelle Dyson is necessary because the law is well-settled that "[g]enerally, where service of process is insufficient, the court has no power to render judgment and the judgment is void." *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1299 (11th Cir. 2003).  Since, "[s]ervice of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." H*emispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) (citation omitted).  Moreover, because defaults are disfavored, "the district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties. ... A court cannot obtain personal jurisdiction over a party without proper service of process." *D'Onofrio v. Il Mattino*, 430 F. Supp.2d 431, 437-38 (E.D. Pa. 2006) (citations omitted).

Accordingly,  because Pennsylvania has failed to provide any information regarding the relationship or status of Michelle Dyson to the corporate defendant Willard, Pennsylvania's Request for Clerk's Entry of Default (doc. 22) is **DENIED** at this time.

**DONE** and **ORDERED** this 8th day of September, 2011.

>  **/s/ Kristi K. DuBose**
>  **KRISTI K. DuBOSE**
>  **UNITED STATES DISTRICT JUDGE**